# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00481-CV

**L. D. N., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-14-000279, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

L.D.N. appeals from the trial court's order terminating his parental rights to the minor children, Q.M.K.K., D.J.T.N., and Q.J.K.[1] *See* Tex. Fam. Code § 161.001. In support of its petition to terminate L.D.N.'s parental rights, the Texas Department of Family and Protective Services (the Department) alleged that L.D.N.: (1) constructively abandoned his children, *see id.* §161.001(b)(1)(N); and (2) failed to comply with the terms of a court order that established the specific actions L.D.N. had to take to achieve reunification with his children after their removal for abuse or neglect, *see id.* § 161.001(b)(1)(O). The Department also alleged that termination of L.D.N.'s parental rights was in the children's best interest. *See id.* § 161.001(b)(2). Following a

---

[1] As discussed in more detail below, although the trial court's order purports to terminate L.D.N.'s rights with respect to all three children, the record indicates that L.D.N. possessed parental rights only with respect to D.J.T.N. The trial court's order also terminated Q.J.K.'s parental rights as father of the three children, as well as the parental rights of the children's mother, L.C. Neither Q.J.K. nor L.C. has appealed the trial court's order.

bench trial, the trial court found by clear and convincing evidence that both statutory grounds for terminating L.D.N.'s parental rights existed and that termination was in D.J.T.N.'s best interest.

On appeal, L.D.N.'s court-appointed attorney has filed an *Anders* brief informing this Court that she has made a diligent review of the appellate record and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has provided L.D.N. with a copy of the *Anders* brief along with a notice advising L.D.N. of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on L.D.N.'s behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit.

However, we note that although the trial court's termination order purports to terminate L.D.N.'s parental rights with respect to all three children, neither the order nor the record contains any findings by the trial court concerning L.D.N.'s rights with respect to Q.M.K.K. or Q.J.K. Moreover, nothing in the record suggests that L.D.N. ever asserted any rights with respect to Q.M.K.K. or Q.J.K. or that the Department sought termination of any rights L.D.N. may have had

2

with respect to Q.M.K.K. or Q.J.K.  We therefore conclude that the trial court's order erroneously purported to terminate L.D.N.'s rights with respect to Q.M.K.K. and Q.J.K.

Accordingly, we modify the trial court's order to eliminate the purported termination of L.D.N.'s rights with respect to Q.M.K.K. and Q.J.K.  We affirm the trial court's order as modified and grant counsel's motion to withdraw as attorney of record.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Modified and, as Modified, Affirmed

Filed:   October 16, 2015

3